**United States District Court**
For the Northern District of California

1
2
3
4
5

6                          IN THE UNITED STATES DISTRICT COURT

7
                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9

10 | EVANGELINA GALVAN NAVARRO, a/k/a              No. C 06-02231 WHA
   | EVANGELIN N. GALVAN,
11
                Plaintiff,
12                                                 **ORDER APPROVING STIPULATED
     v.                                            AMENDED PROTECTIVE
13                                                 ORDER SUBJECT TO
   ESKANOS & ADLER, A PROFESSIONAL                 STATED CONDITIONS**
14 CORPORATION, a California corporation,
   DONALD ROGERS STEBBINS, individually
15 and in his official capacity, JANET
   LORRAINE BROWN, individually and in her
16 official capacity, KURTISS ANTHONY
   JACOBS, individually and in his official
17 capacity, and JEROME MICHAEL YALON,
   JR., individually and in his official capacity,
18
                Defendants.
19 _____/

20
          The stipulated amended protective order submitted by the parties is hereby **APPROVED**,
21
   subject to the following conditions:
22
          1.      The parties must make a good-faith determination that any
23
   information designated "confidential" warrants protection under Rule 26(c) of the
24
   Federal Rules of Civil Procedure.  Designations of material as "confidential" must
25
   be narrowly tailored to include only material for which there is good cause.  A
26
   pattern of over-designation may lead to an order de-designating all or most
27
   materials on a wholesale basis.
28

**United States District Court**
For the Northern District of California

1    2.    In order to be treated as confidential, any materials filed with the

2    Court must be lodged with a request for filing under seal in compliance with Civil

3    Local Rule 79-5.  Please limit your requests for sealing to only those

4    narrowly-tailored portions of materials for which good cause to seal exists.

5    Please include all other portions of your materials in the public file and

6    clearly indicate therein where material has been redacted and sealed.  Each filing

7    requires an individualized sealing order; blanket prospective authorizations are no

8    longer allowed by Civil Local Rule 79-5.

9    3.    Chambers copies should include all material — both redacted and

10    unredacted — so that the chambers staff does not have to re-assemble the whole

11    brief or declaration.  Although chambers copies should clearly designate which

12    portions are confidential, chambers copies with confidential materials will be

13    handled like all other chambers copies of materials without special restriction, and

14    will typically be recycled, not shredded.

15    4.    Any confidential materials used openly in court hearings or trial

16    will not be treated in any special manner absent a further order.

17    5.    This order does not preclude any party from moving to

18    de-designate information or documents that have been designated as confidential.

19    The party seeking to designate material as confidential has the burden of

20    establishing that the material is entitled to protection.

21    6.    The Court will retain jurisdiction over disputes arising from the

22    proposed and stipulated protective order for only 90 days after final termination

23    of the action.

24

25    **IT IS SO ORDERED.**

26

27    Dated:  October 5, 2006

28    WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2