IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINA GALVAN NAVARRO,<br><br>Plaintiff,<br><br>v.<br><br>ESKANOS & ADLER, ET AL.,<br><br>Defendants. | No. C 06-02231 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

## INTRODUCTION

In this action under the federal Fair Debt Collection Practices Act (FDCPA) and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), plaintiff Evangelina Galvan Navarro moves for leave to file an amended complaint. This order holds that plaintiff has shown good cause and should be given leave to amend her complaint. Accordingly, plaintiff's motion is **GRANTED**.

## STATEMENT

Defendant Eskanos & Adler is a debt-collection agency that attempts to collect debts that are due to others on others' behalf (Compl. ¶ 7). Prior to June 2005, plaintiff Evangelina Galvan Navarro incurred consumer debt on a credit card account owned by Discover Bank (*id.* at ¶ 13). After the debt was incurred, it was transferred to defendant law firm for collection from plaintiff (*id.* at ¶ 14). Eskanos & Adler sent Navarro a collection letter dated June 8, 2005 (*id.* at ¶ 17–18). In response, Navarro sent a letter to defendants asking them to cease and desist

their efforts to collect on the account around June 25, 2005 (*id.* at ¶ 19). Despite this, on August 1, 2005 defendants sent an additional letter attempting to collect on the debt (*id.* at ¶ 26).

Plaintiff filed suit against defendants on March 28, 2006 alleging violations of the federal FDCPA and the California RFDCPA. A case management order was issued according to FRCP 16 on June 30, 2006. The order set the deadline for seeking leave to add new parties or to amend the complaint for June 7, 2007 [sic].[*] Pursuant to the order, plaintiff and defendants were required to exchange initial disclosures by July 7, 2006. Responses were due at a later date. On September 25, 2006, plaintiff noticed depositions for Donald Stebbins, Janet Brown, Kurtiss Jacobs, and Jerome Yalon (Schwinn Decl. ¶ 5). Defendants responded with a motion for a protective order on October 11, 2006 (*id.* at ¶ 6). The motion was denied on October 17, 2006.

On October 18, 2006, plaintiff's counsel deposed defendant Kurtiss Jacobs, an attorney working for Eskanos & Adler (*id.* at ¶ 8). Jacobs testified that his standard practice for signing collection letters was to merely review the address block to ensure that it showed a viable address, to verify that the debt was large enough on which to file a lawsuit, and to sign the letter. No substantive reviews of the accounts were ever conducted. Donald Stebbins, another attorney in Eskanos & Adler's employ, testified to using similar practices when deposed on October 19, 2006 (*id.* at ¶ 9).

Plaintiff filed the extant motion for leave to file an amended complaint on November 2, 2006. The deadline for seeking leave to file an amended complaint had passed as of June 7, 2006. Based on the depositions of Jacobs and Stebbins, plaintiff asks leave to add claims under 15 USC 1692e(3) and 1692e(10) and California Civil Code 1788.13(c) and 1788.16. The amended claims allege that defendants have routinely misrepresented that the collection letters

---

[*]The case management order states that the deadline for leave to add new parties or amend the complaint and the deadline for initial disclosures is July 7, 2007. This is clearly in error, as the trial is set on April 2, 2007. The initial-disclosure deadline and the deadline for leave to add new parties or amend the complaint was July 7, 2006.

2

are sent by someone acting in the capacity of a lawyer, when in reality, Eskanos & Adler's attorneys merely act as a rubber stamp in the collection process.

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under FRCP 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); FRCP 15(a). Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under FRCP 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992). Once the Court has entered a scheduling order, the liberal policy favoring amendments no long applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

### 1. GOOD CAUSE FOR FILING AMENDED COMPLAINT.

The inquiry under Rule 16(b)'s good cause standard first focuses on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FRCP 15 advisory committee notes). If the party seeking modification was not diligent, then the inquiry should end.

Plaintiff argues that she could not have discovered the basis for her new allegations until after she had deposed defendants' employees. Defendants respond, arguing that Navarro waited until nearly five months after the deadline for filing an amended complaint had passed to file this motion. Plaintiff maintains that she was diligent in asking leave to file her amended complaint because she filed this motion within two weeks of discovering the basis of her new allegations.

3

The new claims in plaintiff's complaint allege that Eskanos & Adler's collection letters misrepresented that the substance of the accounts had been reviewed by an attorney, a violation of 15 U.S.C. 1692e(3) and 1692e(10).  Plaintiff could not have obtained information about the role of Eskanos & Adler's staff attorneys in collection practices until after conducting discovery and deposing the employees.  Navarro sought leave to file an amended complaint adding those allegations approximately two weeks later.  A two-week delay does not constitute a failure in diligence.  Defendants mistakenly focus on the length of time between the deadline for filing an amended complaint and the plaintiff's motion, instead of the time between plaintiff's discovery of the new facts and her asking leave of the court to file the amended complaint.  *See Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).  Plaintiff showed diligence by seeking leave to amend her complaint upon learning of the basis of her new claims.  Defendants have also not alleged that the plaintiff is acting out of bad faith or with dilatory motives, thus plaintiff has shown good cause to amend her complaint.

**2.     RISK OF UNDUE PREJUDICE TO DEFENDANTS.**

Prejudice to the non-moving party, though not required under FRCP 16(b), can supply additional reasons to deny a motion.  *Coleman*, 232 F.3d at 1295.  "A need to reopen discovery and therefore delay proceedings supports the district court's finding of prejudice from a delayed motion to amend the complaint."  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants argue that amending the complaint at this point will require them to reevaluate their strategy and incur additional costs in responding to the new claims.  This seems far-fetched.  The basic fact pattern will remain the same.  All that is being added is another legal string to the same old bow.  Defendant also argues that the new claims will increase costs in filing and briefing dispositive motions.  This argument is marginal at best.

Additionally, it is unlikely that additional costs related to these claims will be great. Section 1692e(3) and Section 1692e(10) require proof that the defendants have misrepresented the substantial involvement of an attorney in the debt-collection process.  Evidence, if any, will

4

1  be found in defendants' debt-collection practices.  Plaintiff has already conducted discovery on
2  this subject.  She has already deposed Eskanos & Adler's employees and requested manuals,
3  videotapes, and materials related to employee training and standard procedures.  Plaintiff states
4  in her brief that no further discovery will be required, and defendants fail to identify what
5  additional discovery is necessary.  Defendants have not shown that they will suffer undue
6  prejudice if plaintiff is allowed to amend her complaint.

      **3.  FUTILITY OF AMENDMENT AND STATUTE OF LIMITATIONS.**

"Leave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).  Granting leave to amend is futile where the added claim would be barred by the statute of limitations.  *Deutsch v. Turner Corp.*, 324 F.3d 692, n.20 (9th Cir. 2003).  Later-added claims, however, are timely filed if they relate back to the original pleadings under FRCP 15(c)(2).  The rule provides that "an amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ."  FRCP 15(c).

Here, defendants argue that the new claims are barred by the statute of limitations.  Under 15 U.S.C. 1692k(d), an action under the federal FDCPA may be brought within one year of the date of the violation.  The statute of limitations under California state law is similarly one year.  Cal. Civ. Code 1788.30(f).  The second collection letter, which forms the basis of plaintiff's claim, was sent to her on August 1, 2005, thus the one-year statute of limitations had run as of this motion.  Under the relation-back doctrine, plaintiff's new claims are permitted if they arose out of the same conduct, transaction or occurrence those in her original pleadings.  Both the claims in plaintiff's original complaint and her amended complaint arise from the second letter sent to her by Eskanos & Adler.  Plaintiff's new claims relate back to her original pleading, and so they are not barred by the statute of limitations.

Defendant next argues that even if the amended claims relate back to the original pleading, the statute of limitations under 15 U.S.C. 1692k(d) is a jurisdictional requirement. Defendant cites *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997), in support of this proposition. *Naas* did not address whether or not the court could have jurisdiction over the FDCPA claim through the relation back doctrine of FRCP 15(c), it merely held that plaintiffs could not rely on an appeal of the action that formed the basis of the FDCPA claim to toll the statute of limitations. The Eighth Circuit has held that the FDCPA's statute of limitations is a jurisdictional limitation, however, it too did not address the issue of relation back. *Mattson v. U.S. West Commc'ns.*, 967 F.2d 259, 261 (8th Cir. 1992). Plaintiff's claims relate back to her original pleadings, so she is not barred by the statute of limitations from bringing her new claims.

## CONCLUSION

For the foregoing reasons, plaintiff Evangelina Galvan Navarro's motion for leave to file an amended complaint is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 7, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE